214 P.2d 892

**GRIM v. INDUSTRIAL COMMISSION et al.**

No. 5291.

Supreme Court of Arizona.

Feb. 8, 1950.

Rogers & Stone, of Tucson, for applicant.

Donald J. Morgan, Industrial Commission of Arizona, Phoenix, H. S. McCluskey and Robert E. Yount, Phoenix, of counsel, for respondent.

PHELPS, Justice.

On March 25, 1946, Ramon Grim, applicant, an employee of Sears, Roebuck & Company, was injured by accident arising out of and in the course of his employment. On April 6, 1946, the employer reported the injury to The Industrial Commission of Arizona.

Applicant shortly thereafter filed a claim with the commission for compensation for the injuries sustained. Examinations by competent medical experts disclosed that applicant had suffered an injury to his right knee joint which lead to the formation of a baker's cyst back of the knee and that the medial meniscus had been torn as a result of the accident. The cyst was removed by surgery and later a further operation was performed to repair the tear of the medial meniscus, both of which operations were reported to be successful.

On March 25, 1947, the commission made its first findings and award, finding that applicant had suffered injuries arising out of and in the course of his employment and that he was entitled to compensation for such disability to March 6, 1947. It further found that applicant then had "no physical disability resulting from said accident" and made its award in conformity therewith giving the usual time within which to apply for a rehearing.

On April 14, 1947, applicant notified the commission that it had been necessary for him to have further medical treatment but no formal application for a rehearing was made.

On October 23, 1948 applicant filed his petition with the commission for readjustment or reopening of his claim. Further examinations were made by medical experts and based upon their reports the commission on December 16, 1948, made its second findings and award that there was no medical evidence to indicate applicant was suffering from any new, additional or previously undisclosed disability attributable to his original injury and affirmed its previous award.

On January 3, 1949, applicant filed his protest of the second award and notified the commission that he would within 20 days file a petition for a rehearing. No such petition, however, was filed but on August 8, 1949, applicant again filed a petition with the commission for a readjustment or reopening of his claim in which he alleged that he had a continuing disability from his original injury and that X-rays, he had

caused to be taken, showed a back injury causing the disability to his right hip and knee and that Drs. Lieberman and Hastings of Tucson would forward medical evidence in support of the allegations of his petition.

On August 9, 1949, Dr Lieberman filed his report with the commission and on September 21, 1949 Dr Hastings also filed his report. These reports do not in any way support the allegations of the applicant's petition. On the contrary the report of Dr Hastings definitely states that in his opinion there is no connection between applicant's condition at the date of his last examination and the original injury.

Consequently the commission on September, 26, 1949 made its third findings and award (based upon the medical reports claimed by applicant to support his petition) "that there is no medical evidence to indicate that said applicant is suffering any new, additional or previously undiscovered disability attributable to said injury of March 25, 1946" and again affirmed its first findings and award. The matter comes to us by certiorari.

It is difficult to determine upon what applicant bases his claim for relief in this court. The only statement we find in the record relating thereto is that "(1) The applicant contends that it is unlawful for the commission to make final order and not retain jurisdiction until there has been a finding that the employee has recovered from his injury."

The findings and award of March 25, 1947 definitely found that applicant on that date had "no physical disability resulting from said accident." On December 16, 1948, it reaffirmed that finding and award in denying applicant's petition to reopen his case before the commission. These findings and awards under all the authorities are res judicata and applicant may not now be heard to question their correctness in any particular.

We must therefore assume that applicant is directing his claim in this court to the findings and award of September 26, 1949. In that particular we point out the fact that nowhere in the record subsequent to applicant's last petition for reopening of his claim before the commission is there any recommendation by Dr. Hastings as claimed by applicant that a rehearing should be held and certainly there is no record of an order by the commission for reopening or for a rehearing. On the contrary the record only discloses two documents filed subsequent to the filing of said petition and before the commission made its last findings and award, one a report by Dr. Lieberman and the other a report by Dr. Hastings referred to in the petition as the evidence upon which applicant relied for a reopening of his case by the commission. The reports wholly fail to support the allegations of such petition. The action of the commission was therefore fully justified and in strict conformity with its rules. It denied no right to applicant to which he was entitled under the law.

4

The claim of applicant that he was entitled to present the question here involved to the superior court under the provisions of section 56-914, A.C.A. 1939, is without merit and was so decided in the case of Guilio v. Industrial Commission, 69 Ariz. 256, 212 P.2d 762.

The conclusion herein reached effectively disposes of the points raised in respondent's motion to quash.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.